David A. Rosenfeld Bar # 058163
Weinberg, Roger & Rosenfeld
Name and Address
1001 Marina Village Parkway
Alameda, California 94501
Tel: (510) 337-1001
Fax: (510) 337-1023

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

Painters District Council
16, Carpet, Linoleum &
Soft Tile Workers Union 12
                Plaintiff / Petitioner

vs.

New Boardwalk Floor
                Defendant / Respondent

Case No. 07-6334

Document Name:

EXHIBITS A - D



# CARPET, LINOLEUM & SOFT TILE WORKERS
## LOCAL UNION NO. 12
### DISTRICT COUNCIL 16
INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES

2102 ALMADEN ROAD, SUITE 106   SAN JOSE, CA   95125

TELEPHONE (408) 265-4911   FAX (408) 265-5419   DISPATCH (800) 300-WORK



June 19, 2007

New Beginning Floors
655 Wildrose Way
Brentwood, CA 94513

Attention: Patrick Thompson

Dear Pat,

Recently it has come to my attention that your firm has possibly engaged in a violation of the Northern California Floorcovering Master Agreement, henceforth called the CBA. Through the interview process, it appears to me that your firm paid cash to one of your employee's, a member of Local 12 for Bargaining Unit Work completed. If this is true, it is a violation of the CBA, specifically Article 21.5 which states: **"Each employee shall be provided a receipt or check stub indicating straight time hours, overtime hours, travel time, mileage and other reimbursements, amounts of vacation and holiday pay contributed to the Trust Funds and any and all deductions made from the employee's check each time the employee is paid. Each check stub is to display dates and pay period it covers."** Moreover, it is a violation of the California State Labor Code to pay cash to an employee for his/her craft or line of work. The state recognizes that paying cash for work would fraudulently underpay the Workmen's Comp Insurance, state taxes, federal taxes, matching funds, etc. and could be subject to criminal action or investigation. The Union has written the payday guidelines into its CBA in order to avoid legal entanglements for its contractor base. It is the Union's position that in order to avoid the previously mentioned investigation, you or a designated member of your firm schedule and meet with us in accordance with the guidelines outlined in Article 23 (GRIEVANCE AND ARBITRATION).

I can be reached at (510) 632-0511. Let me take this time to thank you in advance for your anticipated cooperation.

Sincerely,

*Dave Figueroa*

Dave Figueroa
Business Representative, District Council #16/Local Union 12

cc:   Doug Christopher, Business Manager, District Council 16


EXHIBIT A

STEWART WEINBERG
DAVID A. ROSENFELD
WILLIAM A. SOKOL
VINCENT A. HARRINGTON, JR.
W. DANIEL BOONE
BLYTHE MICKELSON
BARRY E. HINKLE
JAMES RUTKOWSKI •
SANDRA RAE BENSON
CHRISTIAN L. RAISNER
JAMES J. WESSER
THEODORE FRANKLIN
ANTONIO RUIZ
MATTHEW J. GAUGER
ASHLEY K. IKEDA ••
LINDA BALDWIN JONES
PATRICIA A. DAVIS
ALAN G. CROWLEY
J. FELIX DE LA TORRE
KRISTINA L. HILLMAN •••
ANDREA LAIACONA
EMILY P. RICH

LORI K. AQUINO ••
ANNE I. YEN
NICOLE M. PHILLIPS
BRUCE A. HARLAND
CONCEPCIÓN E. LOZANO-BATISTA
CAREN P. SENCER
LINELLE S. MOGADO
MANJARI CHAWLA
KRISTINA M. ZINNEN
JANNAH V. MANANSALA
MANUEL A. BOIGUES ••••

PATRICIA M. GATES, Of Counsel
ROBERTA D. PERKINS, Of Counsel

• Also admitted in Arizona
•• Admitted in Hawaii
••• Also admitted in Nevada
•••• Also admitted in Illinois

# WEINBERG, ROGER & ROSENFELD
A PROFESSIONAL CORPORATION

1001 Marina Village Parkway, Suite 200
Alameda, CA 94501-1091
TELEPHONE 510.337.1001
FAX  510.337.1023

August 31, 2007

Patrick Thompson
New Beginning Floors
655 Wildrose Way
Brentwood, CA 94513

Re:   Carpet, Linoleum & Soft Tile Workers Local Union No. 12
      New Beginning Floors

Dear Mr. Thompson:

I am enclosing a letter date June 19, 2007 by Dave Figueroa. It is my understanding that there have been a number of efforts to contact you to process this grievance. If you don't respond promptly to the Union and agree to process this, we will file a Petition to Compel Arbitration in the Court. We will seek attorney's fee, court cost and other appropriate remedies.

Sincerely,

David A. Rosenfeld

DAR/ar
opeiu 3 afl-cio(1)
Enclosure
1/468076


EXHIBIT B

LOS ANGELES OFFICE
3435 Wilshire Boulevard, Suite 620
Los Angeles, CA  90010-1907
TEL 213.380.2344 FAX 213.381.1088

SACRAMENTO OFFICE
428 J Street, Suite 520
Sacramento, CA  95814-2341
TEL 916.443.6600 FAX 916.442.0244

HONOLULU OFFICE
1099 Alakea Street, Suite 1602
Honolulu, HI  96813-4500
TEL 808.528.8880 FAX 808.528.8881

STEWART WEINBERG
DAVID A. ROSENFELD
WILLIAM A. SOKOL
VINCENT A. HARRINGTON, JR.
W. DANIEL BOONE
BLYTHE MICKELSON
BARRY E. HINKLE
JAMES RUTKOWSKI •
SANDRA RAE BENSON
CHRISTIAN L. RAISNER
JAMES J. WESSER
THEODORE FRANKLIN
ANTONIO RUIZ
MATTHEW J. GAUGER
ASHLEY K. IKEDA ••
LINDA BALDWIN JONES
PATRICIA A. DAVIS
ALAN G. CROWLEY
J. FELIX DE LA TORRE
KRISTINA L. HILLMAN •••
ANDREA LAIACONA
EMILY P. RICH

LORI K. AQUINO ••
ANNE I. YEN
NICOLE M. PHILLIPS
BRUCE A. HARLAND
CONCEPCIÓN E. LOZANO-BATISTA
CAREN P. SENCER
LINELLE S. MOGADO
MANJARI CHAWLA
KRISTINA M. ZINNEN
JANNAH V. MANANSALA
MANUEL A. BOIGUES ••••

PATRICIA M. GATES, Of Counsel
ROBERTA D. PERKINS, Of Counsel

• Also admitted in Arizona
•• Admitted in Hawaii
••• Also admitted in Nevada
•••• Also admitted in Illinois

# WEINBERG, ROGER & ROSENFELD
### A PROFESSIONAL CORPORATION

1001 Marina Village Parkway, Suite 200
Alameda, CA 94501-1091
TELEPHONE 510.337.1001
FAX 510.337.1023

September 24, 2007

Patrick Thompson
New Beginning Floors
655 Wildrose Way
Brentwood, CA 94513

Re:  Carpet, Linoleum & Soft Tile Workers Local Union No. 12
     Violation of CBA

Dear Mr. Thompson:

The Union has made repeated efforts to contact you and I've sent you the enclosed letter. We will be filing a petition to compel arbitration in the District Court in the next two weeks. We will point out to the court that you have failed and refused to respond to the request to pursue this grievance. The court in these circumstances will likely award the Union's attorney's fees. If you don't contact us within that time, we will file the lawsuit and seek attorney's fees and cost.

Sincerely,

David A. Rosenfeld

DAR/jys
opeiu 3 afl-cio(1)

Enclosure

1/470272

EXHIBIT C

LOS ANGELES OFFICE
3435 Wilshire Boulevard, Suite 620
Los Angeles, CA 90010-1907

SACRAMENTO OFFICE
428 J Street, Suite 520
Sacramento, CA 95814-2341

HONOLULU OFFICE
1099 Alakea Street, Suite 1602
Honolulu, HI 96813-4500



FLOORCOVERERS
MASTER AGREEMENT
FEBRUARY 1, 2004

through

JANUARY 31, 2007

Between

International Union
of Painters & Allied Trades
Local 12
&
Independent Floorcovering
Contractors of Nevada

AFL-CIO
CLC



EXHIBIT
D

e) The Union shall be authorized, as a matter of convenience for its members, applicants and the Employers, to present to a signatory Employer, during the life of this Agreement, an authorization for any necessary deductions from an employee's earnings for the purpose of bringing an employee's account up-to-date with the Union. All employees shall properly sign or endorse such "payroll deduction" notice. The payroll deduction shall be for a minimum of $20.00 per day for journeymen, $10.00 for apprentices.

## ARTICLE 22
## GRIEVANCE AND ARBITRATION

1. Floorcovering Joint Committee Purpose and Business
   a) To promote, protect, foster and advance the rights and interests of those engaged in the business and profession of floorcovering and carpet laying in the community, whether as a journeyman, apprentice, or contractor; to improve the conditions under which the industry is carried on; to develop fair and just competitive methods, to perfect methods and rules for the peaceful and just settlement of disputes and misunderstandings in the profession and in the industry; and the profession as against unfair actions and discriminations; to collect and disseminate pertinent and constructive data and information relating to the industry and useful in the profession.
   b) To promote greater harmony and unity of purpose in the industry as between Employer and employee, and as between both and the public; to establish equitable standards of business relations between the floorcovering craft and the

community served; to advocate and encourage trade education and improvement, to establish and enforce rules and principles of conduct and codes of ethics for the government of its members and associates in the industry; to investigate, arbitrate, compromise, adjust and determine all organizations and local contractor associations in the industry, as shall be authorized from time to time by contracts or other existing agreements as between the Union and the Association; to sit as a Board of Arbitration under the terms and conditions of any such contracts or agreement; to receive complaints, hear evidence, make findings, and order and render and enforce decisions hereon; to make and enforce rulings there under and in accordance therewith, and with the findings of said board; and otherwise to perform and carry out all terms and conditions, intents and purposes of any such contract or agreement.

c) The foregoing clauses shall be constructed both as objects and powers, but no recital expression or declaration of specific or special powers or purposes herein enumerated shall be deemed to be exclusive; but it is hereby expressly declared that all other lawful purposes and powers not inconsistent with the Area Floorcoverers' Agreement.

2. Membership and Alternate Members

The affairs and management of the Joint Committee shall be under the control of six (6) members and six (6) alternate members. Three (3) of the regular and three (3) of the alternate members shall be journeymen members of, and selected by IUPAT Local Union 159, and the remaining three (3) regular and three (3) alternate members shall be as follows: Three (3) of the regular and three (3) of the alternate members shall be contractors who are members

selected by the IFCN, this shall constitute the Employer's side of the Committee. Alternate members of the Committee shall be entitled to vote only in the event the regular member for whom he is an alternate is absent. The Joint Committee shall elect from among their members a President and a Secretary. The President and Secretary will have one vote each. The Committee shall not vote upon any subject unless at least two (2) journeymen members and at least two (2) contractor members are present and voting, and shall not vote upon matters of importance unless all six (6) members, or their respective alternates are present. Voting and meeting shall be subject to such further restrictions as shall be fixed from time to time by the Bylaws, or by agreement between Local #159 and contractors.

3. Officers and Duties
    a) The President shall be the executive officer of the Joint Committee and shall preside at all meetings of the Joint Committee and shall be a member ex-oficio of all Committees. He shall, at such times as he shall deem proper, communicate to the Joint Committee such subjects, and make such suggestions as may, in his opinion, tend to promote the welfare and increase the usefulness of the Joint Committee and shall perform such other duties as are necessarily incidental to the office, or as may be prescribed by the Joint Committee. He shall appoint a Committee. He shall sign all instruments that have first been approved by the Joint Committee.
    b) The Secretary shall perform the duties of the President in the event of his death or absence, and in the event of permanent termination of the services of the President from any cause, for the balance of his term of office, the Secretary shall be automatically designated as "Acting President".

He shall act as assistant to the President with such duties as the Chairman may designate or assign.

c) The Secretary shall give notice of and attend all meetings and keep a record of the proceedings. He shall conduct all correspondence and carry into execution all orders, votes and resolutions requiring communications. He shall have charge of all documents, records and papers, and shall keep them safely. At the discretion of the Joint Committee, he shall prepare an annual report of the transactions and conditions of the Joint Committee.

d) A treasurer may be elected or appointed by the Joint Committee who shall keep an accurate record of all monies received and expended for the Joint Committee and shall make all disbursements authorized and approved by the Joint Committee. Funds shall be drawn only on the signature of the Treasurer and President and all bills must be approved by the endorsement thereon of the President. He shall have charge of the property and other cash funds set up by the Joint Committee for the transaction of current business and regularly occurring expenses. The funds, books, and vouchers in his hands shall at all times be subject to verification by the Joint Committee. At the expiration of his term of office, the Treasurer shall deliver to his successor, all books, monies and other property of the Committee, or in the absence of a Treasurer-elect, shall make delivery to the Chairman.

e) The said officers shall perform such other duties as shall from time to time be imposed or required by the Joint Committee, or as may be prescribed by the Bylaws or within the jurisdictions the specific office.

f) The officers shall be empowered to employ such additional persons as may be necessary to the functioning of the Joint Committee subject to the approval of the expenditure by the Joint Committee.

g) The President of the Joint committee shall preside at all meetings. In the absence of the President, the Secretary shall act; otherwise the Joint Committee may elect a President from their own number.

h) The Joint Committee shall hold regular monthly meetings at a place as designated at 2:00 p.m. on the first Thursday of each month, for the transaction of such business and reports as may properly come before the committee. The Committee shall meet at such other times as may be necessary at the call of the President, or by any three (3) Committee members.

i) Failure of any member of the Committee to attend a meeting hereof shall be explained in writing by such absentee, said communication to be delivered to the Secretary prior to the convening of the meeting. Also when a member of the Committee is unable to attend a meeting, he shall, as soon as possible, and prior to the holding of said meeting, advise his Alternate of the matter. Those members present shall determine in each instance the excuse for such absence and three consecutive inexcusable absences shall automatically vacate said membership.

j) IUPAT Local Union 159 of Las Vegas Nevada, and the signatory Floorcovering Contractors of the Independent Floorcovering Contractors of Nevada, shall fill all vacancies of officers from their respective representatives on the Committee for the unexpired term thereof that may occur by reason of death, resignation or otherwise.

46

    k) The Joint Committee shall elect from its membership an auditing committee each year to audit the books of the Joint Committee.

    l) It shall be the duty of the Joint Committee to keep a complete record of all its meetings and acts; to supervise all acts of the officers, committees and employees of the Joint Committee; to act as a board of investigation and/or discipline, or to appoint a committee for such a purpose and impose fines or other penalties.

    m) Notice of special meetings shall be mailed to each Joint Committee member not less than two (2) days prior to the meeting date and shall state the purpose, time and place of the meeting.

4. Elections and Term of Office

    a) In the election of officers, if the President should be an Employer, then the Secretary must be a Journeyman or vice versa. At each annual election, the office of President and Secretary must alternate, (i.e. if the President is an Employer during the term of office then at the succeeding annual election, the President must be a Journeyman and the Secretary must be an Employer or vice versa.)

    b) All officers of the Joint Committee shall be elected from official delegates to the Joint Committee.

    c) Elections shall take place at the first regular Joint Committee meeting in July of each year and such officers shall serve for a term of one year, except as otherwise provided for under the terms of this Agreement.

5. Procedure

    a) Robert's Rules of Order shall be the mode of procedure in the conducting of the meetings of the Joint Committee, governing all parliamentary action.

    b) The order of business at all meetings of the Board

   of Directors or Committee shall be as follows:
   1) Call to order
   2) Roll Call
   3) Reading of minutes
   4) Reports of Officers, Chairman, Secretary, Treasurer (if elected or appointed)
   5) Correspondence
   6) Reports of committees
   7) Unfinished business from previous minutes, officers reports, committee reports, floor
   8) New business proposed by correspondence, committee, officers
   9) Elections and Appointments and
   10) Adjournment
   c) The order of business may be altered by the Chairman or by vote of the members of the committee for any current meeting only.
6. Powers and Duties
   a) The Committee is hereby vested with power to adjust all disputes and grievance that may arise out of the application or interpretation of this agreement and shall be empowered to interpret and make such rules and regulations as may be necessary to give force and effect the intent, purpose and meaning of this Agreement. The Committee is empowered to have access to all records pertaining to any case where violations of this Agreement are involved. The Committee shall have the power to require all parties to testify under oath, and such parties may be required to subscribe to a written statement of their testimony under oath. All decisions of the Joint Committee shall be final and binding upon both parties to this Agreement. The Committee is hereby charged with overseeing the collection of contributions to various funds as outlined in this agreement.

48

b) The parties hereto and any party executing a counterpart hereof hereby agrees that any disputes and grievances that may arise under this Agreement or any question of interpretation of any clause of this Agreement shall establish such rules for procedure hereunder as it shall from time to time determine. The Joint Committee is not authorized to arbitrate disputes arising out of negotiations for a new contract of any changes in wage scales, hours of work or working conditions.

c) Contractors who are accused of violation of this agreement are subject to trails by the Joint Committee, with such Joint Committee having power to levy penalties in the way of monetary fines or recommending cancellation of said Employer's agreement to Local Union #159. In the event the Joint Committee is required to use court action, to secure compliance with this agreement or to collect fines due, such Employer being sued shall pay, in addition to a court award, court costs and attorney fees incurred by the Joint Committee.

d) The Committee shall not have any authority in questions pertaining to renewal or negotiations of a new contract.

e) If a decision cannot be reached by the Joint Committee, either because of a tie vote with the committee, or if the Joint Committee fails to make a decision the grievance or the interpretation of the Contract shall be submitted to arbitration in the following manner:
   1) Within five days the Joint Committee shall meet and decide upon an arbitrator. The arbitrator shall be selected from seven (7) names, which have been submitted to the Joint Committee by the Board of Appeals in the State of Nevada.

2) The arbitrator that is selected shall be notified and shall hear the case within twenty (20) days and make a decision in writing within twenty (20) days to all three (3) parties concerned.
3) The decision of the arbitrator shall be final and binding.
4) The costs of the arbitrator shall be borne by the Joint Committee totally.
5) If any of the above procedures are not complied with within the time limits, the Joint Committee shall be free to take whatever economic action they deem necessary in order to resolve this dispute.
6) Union Economic or Legal Action
Such action shall be handled in the following manner:
   I. In the event of a failure by the Employer to pay the wages or fringe benefits by this Agreement, and the Employer raises no question concerning the interpretation or operation of this Agreement, or concerning his obligation to pay, the Union may seek remedies as it sees fit with respect to the Employer and any economic action taken will not be considered a violation of this Agreement. However, the Union may, if so desires, utilize the provisions of this Section with respect to the Employer.
   II. Before resorting to any economic remedy as above permitted, the Union must give the Employer involved ten business days written notice of its intention to take such economic action. No economic action may be taken by the Union prior, if prior to concerning the interpretation or operation of this Agreement or concerning his

50

obligation to pay wages or fringe benefits in dispute, and had deposited the full amount in dispute with the appropriate Trust Fund to be held by the Trust until the matter is resolved under the procedures set forth within.

7. Charges and Trials
   a) All charges of contract violation shall be filed with the Secretary of the Joint Committee in triplicate. Such charges shall set forth the section of the agreement, which was violated. The time and place of such violation shall be set forth in addition to a description of the violation.
   b) Upon receipt of such charges, the Secretary of the Joint Committee shall notify the party being charged, of such charge, with a copy of such original charge enclosed. The Secretary shall advise the accused of a time and place of a Joint Committee hearing. Such hearing shall be not less than five (5) days nor more than ten (10) days after notification. The Secretary shall at the time notify all Joint Committee members of the date of such hearing.
   c) The Joint Committee shall conduct a hearing on the charges, and if the accused is an employee, the Joint Committee shall refer the charges, along with the Joint Committee findings to Local Union 159. Local 159 shall process the charges and reach a conclusion within thirty (30) days after receipt of such charges. Local Union 159 shall within five days after concluding the matter, notify the Joint Committee of the action taken by the Local Union.
   d) All fines collected by the Joint Committee shall go into the general fund of such Committee.
   e) If wages and/or benefits are awarded to a member, the funds shall be paid out of the Joint