DAVID A. ROSENFELD, Bar No. 058163
CONCEPCIÓN E. LOZANO-BATISTA, Bar No. 227227
WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501-1091
Telephone 510.337.1001
Fax 510.337.1023

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAINTERS DISTRICT COUNCIL NO. 16, CARPET, LINOLEUM & SOFT TILE WORKERS LOCAL UNION NO. 12,<br><br>Plaintiffs,<br><br>v.<br><br>NEW BEGINNINGS FLOORS,<br><br>Defendant. | No.   CV 07-06334 MMC<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR DEFAULT JUDGMENT AGAINST NEW BEGINNINGS FLOORS**<br><br>Date:   May 2, 2008<br>Time:   9:00 a.m.<br>Judge: Maxine M. Chesney<br>Courtroom: 7, 19th Floor |

TO DEFENDANT: NEW BEGINNINGS FLOORS

PLEASE TAKE NOTICE that on May 2, 2008, in the courtroom of the Honorable Judge Maxine M. Chesney of the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, Courtroom 7, 19th Floor, San Francisco, California, the Plaintiffs will move, and hereby do move, the Court to order that a default judgment against Defendant be entered in this action in which it is ordered by the Court that:

1.  The Defendant New Beginnings Floors submit to final and binding arbitration pursuant to Article 23 of the Agreement on the grievance over the failure to pay employees properly;

2.  That Plaintiffs be awarded attorney's fees in the amount of: $4,247.50; and

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

Notice of Plaintiffs' Notice of Motion and Motion for Default Judgment
(Case No. CV 07-06334 (MMC))

3.  Plaintiffs be awarded costs in the amount of: $460.00.

## I. MEMORANDUM OF POINTS & AUTHORITIES

This is a Petition to Compel Arbitration over a labor dispute under the terms of Collective Bargaining Agreement between Plaintiffs and Defendant. The facts are undisputed. Plaintiffs and Defendant are parties to a Collective Bargaining Agreement which contains an arbitration provision. Plaintiffs have sought arbitration of dispute over the failure to pay individuals properly. That dispute is set out in the June 19, 2007 letter to New Beginnings Floors attached to Plaintiffs' Complaint as "Exhibit A." New Beginnings has ignored the Union's request for arbitration and has also ignored this action. As a result, this Court entered default against the Defendant on January 29, 2008.

Federal law generally requires the submission of disputes over the interpretation and application of labor agreements to arbitration. *United Steelworkers v. American Mfg. Co.*, 363 U.S. 564, 567 (1960); *Operating Eng'rs Local 150 v. Flair Builders, Inc.*, 406 U.S. 487 (1972).

It is a well-established principle that:

> where a contract contains an arbitration clause, there is a presumption of arbitrability in the sense that "[a]n order to arbitrate the particular grievance should not be denied unless it may be said with *positive assurance* that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute."

*United Steelworkers v. Warrior & Gulf*, 363 U.S. 574, 581-83 (1960) (emphasis added); *Local 186 v. E & J Gallo Winery, Inc.*, 857 F.2d 1353, 1355 (9th Cir. 1988); *see also Gateway Coal Co. v. Mine Workers*, 414 U.S. 368, 377 (1974) (holding that doubts in coverage should be resolved in favor of arbitrability).

In *AT & T Technologies, Inc. v. CWA*, 475 U.S. 643 (1986), the United States Supreme Court reiterated the limited scope of judicial inquiries of this nature. In addition to reaffirming the quoted language from *Warrior & Gulf* recited above, the Court stated:

> "[I]n deciding whether the parties have agreed to submit a particular grievance to arbitration, a court is not to rule on the potential merits of the underlying claims. Whether 'arguable' or not, indeed even if it appears to the court to be frivolous, the union's claim that the employer has violated the collective-bargaining agreement is to be decided, not by the court asked to order arbitration, but as the parties have agreed, by the arbitrator. 'The courts, therefore, have no business weighing the merits of the grievance,

**WEINBERG, ROGER & ROSENFELD**
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

- 2 -

Notice of Plaintiffs' Notice of Motion and Motion for Default Judgment
(Case No. CV 07-06334 (MMC))

> considering whether there is equity in a particular claim, or determining whether there is particular language in the written instrument which will support the claim. The agreement is to submit all grievances to arbitration, not merely those which the court will deem meritorious...' "

*AT & T*, 475 U.S. at 649-650.

Given that the Agreement contains a broad grievance and arbitration clause, that the grievance and arbitration does not exclude grievances regarding discharges and disciplinary action, one cannot conclude with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute.

This agreement contains a broad arbitration provision and allows an arbitrator to resolve all disputes and grievances that may arise out of the application or interpretation of the agreement. See Article 23 of Exhibit 1 attached to the Declaration of Tony Tofani filed herewith. Here there is no question but a dispute over pay falls within that broad language.

The employer has no excuse why it is not arbitrating this dispute. It has failed to respond to the Union's request and has failed to file a response.

## II. DEFAULT IS PROPER IN THIS CASE, AS DEFENDANT HAS NOT APPEARED

Under Rule 55(b)(2) of the Federal Rules of Civil Procedures (F.R.C.P.), Default Judgment is proper against a defendant who does not appear where the claim is for a sum certain or one that can be made certain by computation. Combs v. Col & Mineral Mgmt. Serv., Inc., (Dist. Ct. DC 1984) 105 F.R.D 472, 474). Defendant was timely served with the complaint on December 24, 2007, but failed to answer the complaint. On January 28, 2008, Plaintiffs requested Entry of Default against Defendant. The Clerk entered default against Defendant on January 29, 2008.

Pursuant to the Collective Bargaining Agreement between the parties, Plaintiffs Motion for Default Judgment requests entry of judgment in their favor requiring Defendant to arbitrate the current dispute and ordering them to pay Plaintiffs' attorneys fees and costs. Plaintiffs also request that the Court maintain jurisdiction over this action to enforce the Order compelling arbitration and payment of all amounts found due and owing. Accordingly, Plaintiffs request that Judgment be entered in their favor according to the terms of the Agreement between the parties.

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

- 3 -

Notice of Plaintiffs' Notice of Motion and Motion for Default Judgment
(Case No. CV 07-06334 (MMC))

### III. THE UNION IS ENTITLED TO ITS ATTORNEY'S FEES

The Ninth Circuit has established that where an employer unreasonably and without justification fails or refuses to arbitrate a dispute award of attorney's fees is appropriate. *See Int'l Union of Petroleum & Indus. Workers v. W. Indus. Maintenance*, 707 F.2d 415, 430 (9th Cir. 1983); *United Food & Commercial Workers Union v. Alpha Beta Co.*, 736 F.2d 1371, 1382-83 (9th Cir. 1984). The amount of attorney's fees is established in the attached Declaration of David A. Rosenfeld.

### IV. CONCLUSION

For the reasons stated above, this Court should enter an order compelling New Beginnings Floors to submit to arbitration the pay dispute, and awarding Plaintiffs Attorney's fees and costs.

Dated: March 25th, 2008

        WEINBERG, ROGER & ROSENFELD
        A Professional Corporation

        By: /s/
            CONCEPCIÓN E. LOZANO-BATISTA
            Attorneys for Plaintiffs

117798/484543

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

- 4 -

Notice of Plaintiffs' Notice of Motion and Motion for Default Judgment
(Case No. CV 07-06334 (MMC))

# PROOF OF SERVICE

I am a citizen of the United States and an employee in the County of Alameda, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 1001 Marina Village Parkway, Suite 200, Alameda, California 94501-1091. On March 25, 2008, I served upon the following parties in this action:

> New Beginning Floors
> Terry Majors, Owner
> 655 Wildrose Way
> Brentwood, CA 94513

copies of the document(s) described as:

**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR DEFAULT JUDGMENT AGAINST NEW BEGINNINGS FLOORS**

**[X]** **BY MAIL** I placed a true copy of each document listed herein in a sealed envelope, addressed as indicated herein, and caused each such envelope, with postage thereon fully prepaid, to be placed in the United States mail at Alameda, California. I am readily familiar with the practice of Weinberg, Roger & Rosenfeld for collection and processing of correspondence for mailing, said practice being that in the ordinary course of business, mail is deposited in the United States Postal Service the same day as it is placed for collection.

**[ ]** **BY PERSONAL SERVICE** I placed a true copy of each document listed herein in a sealed envelope, addressed as indicated herein, and caused the same to be delivered by hand to the offices of each addressee.

**[ ]** **BY OVERNIGHT DELIVERY SERVICE** I placed a true copy of each document listed herein in a sealed envelope, addressed as indicated herein, and placed the same for collection by Overnight Delivery Service by following the ordinary business practices of Weinberg, Roger & Rosenfeld, Alameda, California. I am readily familiar with the practice of Weinberg, Roger & Rosenfeld for collection and processing of Overnight Delivery Service correspondence, said practice being that in the ordinary course of business, Overnight Delivery Service correspondence is deposited at the Overnight Delivery Service offices for next day delivery the same day as Overnight Delivery Service correspondence is placed for collection.

**[ ]** **BY FACSIMILE** I caused to be transmitted each document listed herein via the fax number(s) listed above or on the attached service list.

I certify under penalty of perjury that the above is true and correct. Executed at Alameda, California, on March 25, 2008.

/s/ _____
Karen Scott

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

- 5 -

Notice of Plaintiffs' Notice of Motion and Motion for Default Judgment
(Case No. CV 07-06334 (MMC))